J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GILBERT, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01491<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Steven Gilbert ("Mr. Gilbert"), on information and belief:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Gilbert is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact and technical contact of the Internet domain found at <sweetness-light.com> (the "Domain"; the content accessible through the Domain and the Domain itself known herein as the " Website").

**JURISDICTION**

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Righthaven is the owner of the copyright in and to the literary work entitled: "Obama's visit just bounced off Reid" (the "Work"), attached hereto as Exhibit 1.

7. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. Mr. Gilbert willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

9. On or about February 28, 2010, Mr. Gilbert displayed, and continues to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

10. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11. The subject matter, at least in part, of the Work and the Infringement, is the effect of President Obama's visit to Las Vegas, Nevada upon Harry Reid's campaign for re-election to the United States Senate.

12. At all times relevant to this lawsuit, Mr. Gilbert knew that the Work was originally published in the Las Vegas *Review-Journal*.

13. At all times relevant to this lawsuit, Mr. Gilbert knew that the Infringement was and is of specific interest to Nevada residents.

14. Mr. Gilbert's display of the Infringement was and is purposefully directed at Nevada residents.

15. Mr. Gilbert willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Tea Party Express Rally: Palin energizes thousands, declares 'we're not going to sit down and shut up'" (the "Tea Party Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

16. On or about March 27, 2010, Mr. Gilbert displayed, and continues to display, the Tea Party Article on the Website.

17. Mr. Gilbert's display of the Tea Party Article was and is purposefully directed at Nevada residents.

18. Mr. Gilbert willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Health Care Overhaul Poll: More Nevadans unhappy with reform package and in Reid's efforts pushing it" (the "Health Care Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

19. On or about January 10, 2010, the Mr. Gilbert displayed, and continues to display, the Health Care Article on the Website.

20. Mr. Gilbert's display of the Health Care Article was and is purposefully directed at Nevada residents.

## **VENUE**

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

22. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because Mr. Gilbert is subject to personal jurisdiction in Nevada.

## FACTS

23. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

24. Righthaven is the owner of the copyright in and to the Work.

25. The Work was originally published on February 28, 2010.

26. On May 12, 2010, the United State Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Work including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-398847046, attached hereto as Exhibit 5.

27. On or about February 28, 2010, Mr. Gilbert displayed, and continues to display, the Infringement on the Website.

28. Mr. Gilbert did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

29. Mr. Gilbert was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

30. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 29 above.

31. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

32. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

33. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

34. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

35. Mr. Gilbert reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

36. Mr. Gilbert created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

37. Mr. Gilbert distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

38. Mr. Gilbert publicly displayed, and continues to publically display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

39. Mr. Gilbert has willfully engaged in the copyright infringement of the Work.

40. Mr. Gilbert's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

41. Unless Mr. Gilbert is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Gilbert, and Mr. Gilbert's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Gilbert, from directly or

indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Gilbert to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Mr. Gilbert's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding Mr. Gilbert's use of the Work; and

    c. All financial evidence and documentation relating to Mr. Gilbert's use of the Work;

3. Direct the current domain name registrar, GoDaddy, and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this thirty-first day of August, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        JOSEPH C. CHU, ESQ.
        Nevada Bar No. 11082
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff